**MICHAEL H. SCHWARTZ, P.C.**
ATTORNEYS AT LAW

ONE WATER STREET
WHITE PLAINS, NEW YORK 10601

www.NYLegalHelp.com

TELEPHONE: 914 997-0071     EMAIL: michael@NYLegalHelp.com
FAX: 914 274-2480

July 14, 2014

Honorable Robert D Drain, USBJ
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10603     Hearing date: July 16, 2014

                            Re:  In re Fortunato
                            Case No: 10-23916

Dear Judge Drain:

  As this Court is aware, on January 24, 2014 the debtors by counsel served a motion (ECF Doc 64) to force Chase to comply with this Court's <u>March 12, 2012</u> loss mitigation order. (ECF Doc 38).

  Specifically, the motion sought to prompt Chase to correct the escrow balance, reinstate the property insurance that Chase had allowed to lapse on June 13, 2013, ensure that there was no negative credit reporting as a result of Chase's actions or lack thereof.

  The motion had also sought to compel Chase to provide correct monthly statements and a correct escrow balance; however by an amazing stroke of timing, on January 25, 2014, one day after this motion was served, the debtors received their first corrected monthly statement.

  However, the property insurance on the debtor's home had still not been reinstated, so this motion was filed on January 31, 2014.

  After several court appearances and conferences, on April 28, 2014, Chase reinstated the property insurance on the Fortunato's home.

  On May 6, 2014 Chase also provided an updated but "recreated" to use Chase's term, loan history for this loan.

Pursuant to this Court's May 7, 2014 directive, on May 8, 2014 Chase provided backup for the recreated loan history in the form of a loan payment history.

The loan payment history and all of the supporting bills, payments, and other documentation was sent out for an independent review on June 27, 2014.

At this time, I am reporting to the Court that Chase has fully complied with the terms of the Loss Mitigation Order dated March 12, 2012.

The only issue remaining is the amount of legal fees incurred by counsel for the debtors to get Chase's compliance with the Loss Mitigation Order for which Chase ought to be held responsible.

The arguments and exhibits in support of the debtors' request for counsel fees are set forth at length in the Further Affirmation in Support submitted to this Court and filed May 5, 2014 and need not be repeated here at length. (See ECF Doc 68).

Suffice it to say, the issue that lead to this motion being served and filed was NOT as Chase contends, a "mutual mistake" by the debtors and Chase as to a $91.64 increase in the escrow payment for taxes that occurred in August 2013.

The $91.64 increase in the escrow payment for taxes occurred 2 months after Chase allowed the debtors' property insurance on their home to lapse, 16 months after Chase failed to comply with the Loss Mitigation Order reducing the monthly loan payment by $894.87, and 5 months before Chase provided the debtors with a correct loan payment statement.

The $91.64 increase is in all respect, a proverbial "red herring."

The issues that lead to this motion being served and filed, and that Chase has now fully addressed, are:

1. Chase's failure to send the debtors correct monthly mortgage statements at the reduced amount until January 25, 2014;

2. Chase's failure to reinstate the property insurance on the debtors' home until April 28, 2014; and

3. Chase's failure to account for all of the payments made by the debtors to Chase until May 8, 2014 and verified on June 27, 2014.

Very truly yours,

Michael H. Schwartz

MHS/me

c. Morgan Lewis & Bockius
   101 Park Avenue
   New York, New York 10178